UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES,

    Plaintiff-Respondent,        CASE NO. 15-CR-20505
                                                 HON. GEORGE CARAM STEEH

v.

ERIC GRICE,

    Defendant-Petitioner.
_____/

## ORDER DENYING DEFENDANT'S
## MOTION FOR TRANSCRIPTS (DOC. 73)

Now before the Court is defendant-petitioner Eric Grice's Motion to Order Transcripts. Defendant requests copies of his (1) Indictment, (2) Plea Agreement, and (3) plea hearing transcripts. Defendant did not appeal his conviction nor has he filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, although it appears from the papers now before the Court that he intends to do so. Defendant does not specify the grounds for his § 2255 argument.

Defendant received a copy of his Indictment in 2015. *See* (Doc. 34, Defendant's Acknowledgement of Indictment, at PageID 53-54). The Court will not provide another copy, but advises that defendant's counsel may be able to acquire a copy of this document.

- 1 -

Defendant asks for a copy of his plea agreement, but there is no such document to provide. Pursuant to a minute entry for defendant's plea hearing, his guilty plea was entered without a Rule 11 Agreement.

A defendant does not have a constitutional right to a free transcript at government expense in a § 2255 proceeding; however, he is entitled to have a free transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issues presented in his § 2255 case. 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 325-27 (1976). In *MacCollum*, the Supreme Court upheld the denial of free transcripts in a § 2255 proceeding where the defendant failed to show that the transcripts were needed to decide the issue. There, defendant argued that the transcripts were necessary to his ineffective assistance of counsel claim. The court rejected this argument, explaining, "any discussion [defendant] may have had with his trial counsel as to the desirability of appeal would not normally appear in the transcript of proceedings at trial." *Id.* at 327.

Defendant has not illustrated that he is entitled to receive free transcripts. He has failed to demonstrate that his claim is not frivolous. Further, he has not expressed the issues he intends to raise in his § 2255 case. The Court, therefore, cannot determine whether the requested

transcripts are necessary to decide the issues presented in his § 2255 case.

Accordingly, defendant's Motion to Order Transcripts is DENIED.

**IT IS SO ORDERED.**

Dated: June 20, 2017

                                  s/George Caram Steeh
                                  GEORGE CARAM STEEH
                                  UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 20, 2017, by electronic and/or ordinary mail and also on Eric Grice #51550-039, FCI McKean, Federal Correctional Institution, P.O. Box 8000, Bradford, PA 16701.

s/Marcia Beauchemin
Deputy Clerk